UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BONNIE ANDERSON

       Plaintiff,

     v.                                             **REPORT AND RECOMMENDATION**
                                      **09-CV-00094 (FJS)**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,

       Defendant,

## I.      Introduction

Plaintiff Bonnie Anderson brings this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI").[1]

## II.      Background

Plaintiff applied for SSI on April 7, 2006, alleging an onset date of April 19, 2005 (R. at 21).[2] Plaintiff alleges disability due to emotional and intellectual impairments, as well as left hand, left shoulder, and left knee impairments. Her application was denied initially on May 11, 2006 (R. at 32-34). Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ") on June 19, 2006 (R. at 38).

On April 29, 2008, Plaintiff appeared before the ALJ J. Lawson Brown (R. at 257-72). The ALJ considered the case *de novo* and, on July 21, 2008, issued a decision finding Plaintiff not disabled (R. at 10-17). The ALJ's decision became the

---

[1] This case was referred to the undersigned for Report and Recommendation, by the Honorable Norman A. Mordue, pursuant 28 U.S.C. § 636(b)(1)(B), by an Order dated February 9, 2010.
[2] Citations to the underlying administrative record are designated as "R."

Commissioner's final decision on December 18, 2008, when the Appeals Council

denied Plaintiff's request for review (R. at 2-4). On January 27, 2009, Plaintiff filed this

action. Plaintiff and the Commissioner thereafter filed briefs in support of their

respective positions.

Pursuant to General Order No. 18, issued by the Chief District Judge of the

Northern District of New York on September 12, 2003, this Court will proceed as if both

parties had accompanied their briefs with a motion for judgment on the pleadings. [3]

### III.     Discussion

### A.     Legal Standard and Scope of Review

A court reviewing a denial of disability benefits may not determine *de novo*

whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383 (c)(3); Wagner v.

Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the

Commissioner's determination will only be reversed if the correct legal standards were

not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817

F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the

ALJ applied correct legal principles, application of the substantial evidence standard to

uphold a finding of no disability creates an unacceptable risk that a claimant will be

deprived of the right to have her disability determination made according to the correct

legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v.

Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that

amounts to "more than a mere scintilla," and it has been defined as "such relevant

---

[3] Although no motion for judgment on the pleadings was filed, the moving party was excused from such filing under General Order No. 18, which states in part: "The Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings . . . ." General Order No. 18. (N.D.N.Y. Sept. 12, 2003).

evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971). Where evidence is deemed

susceptible to more than one rational interpretation, the Commissioner's conclusion

must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial

evidence, a reviewing court considers the whole record, examining evidence from both

sides, because an analysis of the substantiality of the evidence must also include that

which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258

(2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must

be sustained "even where substantial evidence may support the plaintiff's position and

despite that the court's independent analysis of the evidence may differ from the

[Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other

words, this Court must afford the Commissioner's determination considerable

deference, and may not substitute "its own judgment for that of the [Commissioner],

even if it might justifiably have reached a different result upon a *de novo* review."

Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

The Commissioner has established a five-step sequential evaluation process[4] to

---

[4]The five-step process is detailed as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to

determine whether an individual is disabled as defined under the Social Security Act.

See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the

validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96

L.Ed.2d 119 (1987), and it remains the proper approach for analyzing whether a

claimant is disabled.

   While the claimant has the burden of proof as to the first four steps, the

Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S.

at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir.1984).

   The final step of the inquiry is, in turn, divided into two parts. First, the

Commissioner must assess the claimant's job qualifications by considering his or her

physical ability, age, education, and work experience. Second, the Commissioner must

determine whether jobs exist in the national economy that a person having the

claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§

416.920(g); 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76

L.Ed.2d 66 (1983).

   Based on the entire record, the Court recommends remand for failure to fully

develop the record.

   **B.    Analysis**

      **1.  The Commissioner's Decision**

   In this case, the ALJ made the following findings with regard to factual

---

perform his past work. Finally, if the claimant is unable to perform his past work, the
[Commissioner] then determines whether there is other work which the claimant could
perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d
72, 77 (2d Cir. 1999); 20 C.F.R. §§ 416.920, 404.1520.

information as well as the five-step process set forth above: at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity as of her April 7, 2006 application date (R. at 12). At step two, the ALJ found Plaintiff's "status post arthroscopic surgery of the left knee, borderline intellectual functioning, dysthymic disorder and history of crack cocaine dependence" to be severe impairments. Id. The ALJ determined at step three that Plaintiff "d[id] not have an impairment or combination of impairments that me[t] or medically equal[ed] one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I" (R. at 13). The ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [we]re not credible to the extent they [we]re inconsistent with the residual functional capacity assessment" (R. at 16). At step four, the ALJ found that Plaintiff retained "the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant [wa]s limited to simple, one step tasks" (R. at 15). Plaintiff was a younger individual when she applied and had no past relevant work (R. at 18). Based on Medical-Vocational Rule 202.17,[5] the ALJ determined that there were jobs in the national economy in significant numbers that Plaintiff could perform (R. at 19). Ultimately, the ALJ found that Plaintiff was not under a disability at any time through the date of his decision. Id.

### 2. Plaintiff's Claims

Plaintiff argues that the decision of the ALJ is neither supported by substantial evidence nor made in accordance with the applicable legal standards. Specifically,

---

[5] Medical-Vocational Guideline Rule 202.17 directs a finding of not disabled for a younger individual, with limited or less education, unskilled or no past work, and capable of performing light work. 20 C.F.R. Pt. 404, Subpt. P, App 2, Rule 201.17.

Plaintiff argues that a) the ALJ erred in failing to obtain treatment notes from Plaintiff's treating social worker; b) the ALJ erred in failing to grant Plaintiff's treating social worker controlling weight; c) the ALJ erred at step three of the sequential analysis; d) the residual functional capacity ("RFC") assessment was not supported by substantial evidence; and e) the ALJ erred in finding Plaintiff not disabled based on the Medical-Vocational Guidelines.

### a)  The ALJ Erred in Failing to Fully Develop the Record

Plaintiff argues that the ALJ erred in failing to subpoena treatment notes from Mr. Reid McCauley, LCSW-R,[6] Plaintiff's treating therapist. Plaintiff's Brief, p. 12. Defendant argues that Plaintiff's counsel "assumed responsibility for obtaining Mr. McCauley's treatment[] notes." Defendant's Brief, p. 11.

On February 12, 2008, Mr. McCauley completed a "Mental Impairment Questionnaire" indicating that Plaintiff's mental impairments were generally severely limiting (R. at 213-18). For example, Mr. McCauley found that Plaintiff had marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; and experienced three episodes of decompensation within a twelve month period, each of at least two weeks duration (R. at 215).  Mr. McCauley also wrote a letter, addressed "To Whom It May Concern," that same day (R. at 219-20). In the questionnaire, Mr. McCauley stated that he had been treating Plaintiff once every two weeks for the past four years[7] (R. at 218). However, Mr. McCauley failed to submit any treatment notes. Plaintiff was not treated by any other therapist,

---

[6] Licensed clinical social worker.
[7] It appears there was at least some time period during those four years when Plaintiff was not being treated by Mr. McCauley. For example, on May 5, 2006, Plaintiff told the Social Security Administration that she had not received therapy since 2005 (R. at 88).

psychologist, or psychiatrist.

The ALJ has an affirmative duty to develop the record.  Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982).  This duty exists regardless of whether Plaintiff has counsel or is continuing *pro se.* Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996). The ALJ is instructed to re-contact an individual's "treating physician or psychologist or other medical source . . . when . . . [his or her] report does not contain all the necessary information." 20 C.F.R. § 404.1512(e)(1). According to the Regulations, a "medical report" from a "medical source" should contain the following: an individual's medical history, clinical and laboratory findings, diagnoses, prescribed treatments and their responses, as well as "[a] statement about what [that individual] can still do despite [his or her] impairment(s)." 20 C.F.R. § 505.1513(b)(1)-(6).

As a therapist, Mr. McCauley meets the definition of a "medical source." 20 C.F.R. § 404.1502 ("Medical sources refers to acceptable medical sources, or other health care providers who are not acceptable medical sources."); see also 20 C.F.R. § 404.1513(d)(1) (offering a therapist as an example of a "medical source" that is not an "acceptable medical source"). Because Mr. McCauley failed to include any treatment notes, the report he submitted was incomplete. 20 C.F.R. § 505.1513(b)(1)-(6). Thus, the ALJ was obligated to re-contact Mr. McCauley to obtain the missing information. 20 C.F.R. § 404.1512(e)(1). The Court could not locate, nor does Defendant cite, evidence in the record indicating that the ALJ re-contacted Mr. McCauley to request the treatment notes. Mr. McCauley's treatment notes are especially vital given that Plaintiff was not receiving psychiatric treatment from any other source.

The ALJ did not assign any weight" to Mr. McCauley's opinions because they

were "not substantiated by the objective evidence in the record" (R. at 18). This Court

expresses no opinion regarding whether the ALJ should assign any weight to Mr.

McCauley's assessment once the treatment notes have been reviewed. The issue,

however, is whether the record was adequately developed in this regard.  For the

reasons articulated here, this Court finds that it was not.

Defendant argues that Plaintiff "assumed responsibility for obtaining Mr.

McCauley's treatment[] notes when plaintiff's counsel stated at the hearing that

progress notes from plaintiff's counselor had been requested, but not yet received."

Defendant's Brief, p. 11. However, Defendant's argument is unavailing. According to the

Regulations,

> Before we make a determination that you are not disabled, we will develop
> your complete medical history for at least the 12 months preceding the
> month in which you file your application unless there is a reason to believe
> that development of an earlier period is necessary or unless you say that
> your disability began less than 12 months before you filed your
> application. We will make every reasonable effort to help you get medical
> reports from your own medical sources when you give us permission to
> request the reports.

20 C.F.R. § 404.1512(d). Thus, the ALJ is instructed to "develop [a] complete medical

history." Id. Furthermore, the ALJ's duty to develop the record exists regardless of

whether Plaintiff has counsel or is continuing *pro se*. Perez, 77 F.3d at 47. Here, the

ALJ failed to fulfill his obligation.

Based on the foregoing, the Court recommends remand to allow the ALJ an

opportunity to re-contact Mr. McCauley in an attempt obtain the missing treatment

notes. If, on remand, Mr. McCauley fails to respond to the ALJ's request, the ALJ should

consider whether a subpoena is necessary to obtain the evidence. 20 C.F.R. §

404.950(d) ("When it is reasonably necessary for the full presentation of a case, an administrative law judge or a member of the Appeals Council may, . . . issue subpoenas for . . . the production of books, records, correspondence, papers, or other documents that are material to an issue at the hearing."). However, when considering an application for attorneys' fees by Plaintiff's counsel, consideration should be given as to whether counsel was sufficiently diligent in attempting to obtain the treatment notes during the administrative proceedings.

### b) The ALJ Did Not Err in Failing to Grant the Opinions from Mr. McCauley Controlling Weight

Plaintiff argues that the ALJ erred in failing to grant the opinions from her treating therapist, social worker Mr. McCauley, controlling weight. Plaintiff's Brief, pp. 7-10.

Plaintiff's argument is unavailing. Plaintiff is correct that controlling weight will be afforded to the opinions from a "treating source" if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(d)(2). However, according to the Regulations, the definition of a treating source does not include social workers. 20 C.F.R. § 404.1502 ("[t]reating source means your own physician, psychologist, or other acceptable medical source"); 20 C.F.R. § 404.1513(a) (defining an acceptable medical source as licensed physicians and psychologists as well as licensed optometrists, podiatrists, and speech-language pathologists, but only to establish specific impairments).

Indeed, the Regulations consider a social worker as an "other source." 20 C.F.R. § 404.1513(d)(1) ("Other sources" include medical sources not defined as acceptable

medical sources, such as "nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists"). Thus, because Mr. McCauley is a treating "other source," and not a treating "acceptable medical source," his opinions are not entitled to controlling weight. 20 C.F.R. § 404.1527(d)(2).

Plaintiff's brief could be read to argue that the ALJ further erred by failing to afford Mr. McCauley's opinions "any weight." Plaintiff's Brief, pp. 7-10; (R. at 18). However, because the ALJ erred in failing to fully develop the record, the Court need not reach Plaintiff's argument.  As noted above, this Court expresses no opinion as to the appropriate weight, if any, that should be assigned to Mr. McCauley's opinion.  That issue should be revisited on remand after further development of the record.

### c) The ALJ's Step Three Findings are Necessarily Flawed

While unclear, Plaintiff appears to argue that the ALJ failed to set forth his findings at step three of the sequential analysis with sufficient specificity. Plaintiff's Brief, pp. 11. The Court has previously recommended remand for failure to fully develop the record. Therefore, the ALJ's findings at step three of the sequential analysis are necessarily flawed and should be revisited on remand after further development of the record.

### d) The RFC is Necessarily Flawed

While unclear, Plaintiff appears to argue that the RFC failed to contain all of Plaintiff's limitations. Plaintiff's Brief, pp. 10-11. The Court has previously recommended remand for failure to fully develop the record. Therefore, the RFC is necessarily flawed and should be revisited on remand after further development of the record. Although the ALJ noted Plaintiff's history of crack cocaine abuse, Plaintiff's testimony indicated that

she had abstained from substance abuse for three years at the time of the hearing. (T at 14). Because the ALJ concluded that Plaintiff was not disabled, he did not discuss this issue any further. See Roy v. Massanari, No. 3:01-CV-306, 2002 WL 32502101, at *2 n. 3 (D. Conn. June 12, 2002) (noting that "substance abuse becomes material to a benefit determination only after the claimant is found to be disabled" according to the sequential analysis); see also 20 C.F.R. § 404.1535(a). On remand, if the Plaintiff is determined to be disabled according to the sequential analysis, the ALJ will need to consider whether Plaintiff "would continue to meet the definition of disability even if drug and/or alcohol use were to stop." SSR 82-60. Given Plaintiff's apparent extended period of abstinence, it may be unlikely that the past substance abuse is material to the disability determination, but it should nevertheless be addressed.

### e) The ALJ's Findings at Step Five of the Sequential Evaluation Are Necessarily Flawed

Plaintiff argues that the ALJ erred in finding Plaintiff not disabled based on the Medical-Vocational Guidelines. Plaintiff's Brief, pp. 12-13. The Court has previously recommended remand for failure to fully develop the record. Therefore, the Court need not reach whether the ALJ's findings at step five of the sequential analysis are supported by substantial evidence.

## IV.   Conclusion

After carefully examining the administrative record, the Court finds that the ALJ erred in failing to fully develop the record. It is therefore recommended that the Commissioner's decision denying disability benefits be REMANDED for further

proceedings in accordance with this recommendation and pursuant to sentence four of

42 U.S.C. Section 405(g).


Respectfully submitted,


Victor E. Bianchini
United States Magistrate Judge



DATED:        Syracuse, New York
              May 20, 2010

### ORDER

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby


**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.


**ANY OBJECTIONS** to this Report and Recommendation must be filed with the

Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in

accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of

Civil Procedure and Local Rule 72.3.


**Failure to file objections within the specified time or to request an**

**extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);   *Small v.*

*Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989);   *Wesolek v.*

*Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and recommendation to the attorneys for

the Plaintiff and the Defendants.

SO ORDERED.

Victor E. Bianchini
United States Magistrate Judge


Syracuse, New York
DATED:        May 20, 2010